## PAINE, Adm'r &c., vs. LIBBY.

*Tax title claimant in possession—Timber.*

One who, being in possession of land under tax deeds which are regular on their face, and *prima facie* evidence of title, cuts timber thereon and removes it from the land, does not thereby acquire title to the timber, if his tax title is shown to be bad.

APPEAL from the Circuit Court for *Winnebago* County.

Replevin (commenced November 9, 1863), for logs, cut by plaintiff's intestate, Nathan Paine, on certain lots in Shawano county to which he claimed title under tax deeds. Defendant claimed under the original owner of the land. The tax deeds were shown to be void for irregularities in the tax proceedings; and Mrs. Wright, the original owner, a married woman, had redeemed the land from the sale within the time allowed her by law, after the execution of the deeds.

Verdict for defendant; new trial denied; and plaintiff appealed from the judgment.

*Felker & Weisbrod,* for appellant :

Under sec. 25, ch. 22, Laws of 1859, the tax deeds vested in the grantee an absolute estate in fee simple, and were *prima facie* evidence of the regularity of the proceedings. If the deed is avoided, the grantee is liable for mesne profits, but is not divested of his title to crops raised, or timber manufactured into logs or boards. In the action for mesne profits, the fair value of the timber while standing on the land would be allowed as damages, but not its enhanced value caused by its manufacture into logs. Sedgw. on Dam., 124. 2. The sale of lands for taxes is a *quasi* judicial proceeding (Blackwell, 44), and Mrs. Wright having redeemed from these deeds, she and her grantee are concluded from denying their validity. 1 Phillips on Ev., 464, and cases there cited.

*Gab. Bouck,* for respondent, cited 2 Parsons on Con., 475, note (g); *Betts v. Lee,* 5 Johns., 349; *Curtis v. Groat,* 6 id., 168; *Brown v. Sax,* 7 Cow., 95; *Snyder v. Vaux,* 2 Rawle, 427; *Martin v. Porter,* 5 M. & W., 351; *Wood v. Morewood,* 2 Q. B. 440, note.

DOWNER, J. The logs in dispute in this action were cut by Nathan Paine, in his life time, on lands he claimed to own by virtue of two tax deeds, regular on their face, and which are

made by law *prima facie* evidence of title. The facts proved however are sufficient to avoid the deeds. This is admitted, or not seriously contested. But it is claimed that one in possession of land under tax deeds *prima facie* valid, who cuts timber thereon and removes it from the land, thereby acquires title to such timber. We know of no rule or principle of law to that effect.

*By the Court.*—Judgment affirmed.